RUSSELL P. BROWN (SBN: 084505)
GORDON & REES LLP
101 W. Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants:
JAN KIRK; WILLIAM ISHIBASHI; AND DAN DAKOTA

FILED
2008 SEP -5 PM 3:48
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS SHEARS, Plaintiff | IN ADMIRALTY |
| v. | CASE NO.: 08 CV 1196 J BLM |
| CHEROKEE GEISHA SPORTFISHING, a business entity, form unknown; CHEROKEE GEISHA, a charter fishing vessel; JAN KIRK, an individual; WILLIAM ISHIBASHI, an individual; DAN KADOTA, an individual; and DOES 1 – 10, inclusive, Defendants | **ANSWER TO COMPLAINT FOR DAMAGES**<br>Assigned to Judge: Barry Ted Maskowitz<br>Referred to Magistrate Judge: Barbara Lynn Major<br>Complaint Filed: July 3, 2008<br>Trial Date: Not Set |

Come now Defendants JAN KIRK, WILLIAM ISHIBASI, and DAN KADOTA (collectively "Defendants"), and in response to the Complaint for damages, admit, deny and allege as follows:

1. Paragraph 1 of the Complaint sets forth legal conclusions to which a response is unnecessary. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

/////

2. In response to Paragraph 2 of the Complaint, Defendants admit the allegations contained therein.

3. In response to Paragraph 3 of the Complaint, Defendants lack sufficient information or knowledge for form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Defendants admit and allege that the vessel CHEROKEE GEISHA is a sportfishing vessel that operates on the navigable waters of the United States in and about San Diego Harbor and the coastal waters off California, and operates from H&M Landing, which is in San Diego County. Except as expressly admitted or alleged herein, Defendants deny the remaining allegations contained in said paragraph.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

5. In response to Paragraph 5 of the Complaint, Defendants admit and allege that Defendants, on July 15, 2005, were the owners, operators, and managers of the sportfishing vessel CHEROKEE GEISHA. Except as expressly admitted or alleged herein, Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation contained therein.

6. In response to Paragraph 6 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis, deny each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis, deny each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the

allegations contained in Paragraph 8 of the Complaint, and on that basis, deny each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis, deny each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, Defendants deny each and every allegation contained in said paragraph, including subparts (a) through (f), inclusive.

11. In response to Paragraph 11 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis, deny each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis, deny each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis, deny each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Defendants incorporate herein as though set forth at length, their responses to Paragraph 1 through 14 of the Complaint, as set forth above.

16. In response to Paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

17. In response to Paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a claim or claims against Defendants. Furthermore, Defendants allege that Plaintiff cannot prove such facts even if properly alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

If any injuries were sustained by Plaintiff, at or about the time alleged in the Complaint, which is expressly denied, they were caused solely and proximately by the carelessness and negligence of Plaintiff, in that Plaintiff failed to exercise reasonable care for his own health and safety and failed to use the care, skill and experience of a reasonably competent person.

### THIRD AFFIRMATIVE DEFENSE

Any and all acts, happenings and/or damages, if any, referred to in Plaintiff's Complaint were proximately caused by and contributed to by the negligence of Plaintiff, and therefore Plaintiff is completely barred from recovery herein, or, in the alternative, under the doctrine of comparative negligence, the negligence of Plaintiff, reduces his right to recovery herein by that amount which said negligence contributed to the incident as alleged.

### FOURTH AFFIRMATIVE DEFENSE

If any injuries were sustained by Plaintiff, at or about the time alleged in the Complaint, which is expressly denied, they were caused solely and proximately by a known and recognized peril which Defendants have no control and for which Defendants are not liable in tort.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

**FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that the condition alleged by Plaintiff to be responsible for the subject accident was open and obvious.

**SIXTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained any injuries and/or losses, which injuries and/or losses are specifically denied, Defendants are not responsible for such injuries and/or losses as they were caused by Plaintiff's own willful failure to follow the directives of the owners and/or captain and/or crew of the vessel and/or posted signs.

**SEVENTH AFFIRMATIVE DEFENSE**

If any injuries were sustained by Plaintiff, which is expressly denied, they were caused solely and/or proximately by the natural progression of a preexisting medical condition over which Defendants have no control and for which Defendants are not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were caused or contributed to by the negligence of other parties and/or third parties whose identities are presently unknown to Defendants, and Defendants' liability, if any, should be reduced by the proportion caused or contributed by such persons.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting any claim against Defendants by reason of the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 337, 338, 339, and 340.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting the causes of action herein against the Defendants by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting the causes of action herein against the Defendants by the doctrine of estoppel.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting the causes of action herein against the Defendants by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants claim the right to exoneration from liability for the losses, damages and personal injuries sustained by Plaintiff, all as alleged in the Complaint, and Defendants allege that they have a valid defense on the merits to any and all such other claims as may be filed arising thereunder. Notwithstanding that, Defendants further claim the benefit of limitation of, or exoneration from, liability as provided in Sections 4283 through 4287 of the Revised Statutes of the United States, 46 U.S.C.A. § 181 et seq., and the various statutes supplementary thereto and amendatory thereof.

Defendants allege further that if there was any fault on their part, or on the part of any person for whom Defendants are responsible, all of which is denied, Defendants' liability should be limited to the amount or value of Defendants' interest in the said vessel at the end of the relevant voyage. Defendants further allege that the injury complained of by Plaintiff were occasioned or occurred without the knowledge or privity of Defendants herein and without any fault or neglect, and that said vessel was, at the commencement of the voyage, taught, staunch, seaworthy and strong.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery in this suit for maintenance and/or cure and/or wages in that Plaintiff was uncooperative and inexcusably and unreasonably delayed in providing Defendants with notice and/or information concerning his alleged injuries, which lack of cooperation and/or delay has caused substantial prejudice to Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery of the damages alleged in this lawsuit in

that if any injuries were sustained by Plaintiff at all, which damages and injuries are specifically denied, such damages were avoidable and therefore not recoverable due to Plaintiff's failure to avoid, mitigate, or minimize such damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff assumed the risk of injury, which assumption of the risk bars or reduces any recovery.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred because Plaintiff comes to this Court with unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If any injuries were sustained by Plaintiff, which is expressly denied, they were caused solely and/or proximately by Plaintiff's failure to follow the policies and directions of Plaintiff's employer.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery in this lawsuit in that he has not properly performed duties which are conditions precedent to the accrual of any claim, and because Plaintiff has not dealt with Defendants fairly and in good faith.

**TWENTIETH AFFIRMATIVE DEFENSE**

That if any equipment, tackle or tool broke and thereby contributed to causing Plaintiff's injuries, which is expressly denied, such breaking and/or failure was due to forces beyond Defendants' control and due to conduct of Plaintiff, other parties and nonparties.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint and each claim therein is barred by the defense of primary assumption of the risk.

/////

/////

/////

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in this lawsuit in that Plaintiff has not properly performed duties which are conditions precedent to the accrual of any claim, and because Plaintiff has not dealt with these Defendants fairly and in good faith.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused by Plaintiff's failure to perform duties assigned to him, and not by negligence or other breach of duty on the part of these answering Defendants and therefore Plaintiff is barred from recovering under this Complaint and each claim therein by the Primary Duty rule of maritime law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that in the event Plaintiff should establish any liability on the part of these answering Defendants, which liability is expressly denied, these answering Defendants may not be obligated to pay sums representing a proportion or percentage of fault not its own, but that of Plaintiff, other parties to this action and third persons not parties to this action. Defendants are entitled to an adjudication and determination of the respective proportions or percentages of fault, if any, on these answering Defendants' part and on the part of the Plaintiff and other parties to this action and third persons not parties to this action pursuant to the Doctrines of Comparative Negligence and the Fair Responsibility Act of 1986, codified in Civil Code Section 1431-1431.5.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed, that judgment be entered for said Defendants and against Plaintiff, that its answer herein be deemed good and sufficient and that Plaintiff's claims be dismissed with prejudice at Plaintiff's cost or, alternatively, that should any judgment be rendered against Defendants, that the amount of said judgment should be limited to the value of Defendants' interest in said vessel and pending freight, that Defendants

recover from Plaintiff their cost of suit incurred herein, attorneys' fees and for such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 5, 2008

GORDON & REES LLP

By: 
Russell P. Brown
Attorneys for Defendants:
JAN KIRK; WILLIAM ISHIBASI; and DAN KADOTA

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 1600, San Diego, CA 92101. On September 5, 2008, I served the within documents:

**ANSWER TO COMPLAINT FOR DAMAGES**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Express Mail by U.S. post office as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

Joseph Darrel Palmer
Law Offices Darrel Palmer
603 N. Highway 101, Suite A
Solana Beach, CA 92075
(858) 792-5600
Fax: (858) 792-5655
Email: darrell.palmer@cox.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 5, 2008 at San Diego, California.

*Leslie Harris*

RLIM/1053048/5932848v.1